## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JOHN M. WIGGINS, D/B/A<br><br>Earthscapes by Wiggins<br>Also known herein for Miller<br>Act Relief only, as the United<br>States of America, by and for<br>John M. Wiggins, D/B/A<br>Earthscapes by Wiggins<br><br>Plaintiff,<br><br>v.<br><br>Dawson Building Contractors,<br>Inc., and St. Paul Travelers<br>Insurance Companies, Inc.<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **RECEIVED**<br><br>2006 SEP 15 P 1: 59<br><br>DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br><br>CV: 2:06CV830-MEF<br><br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR DAMAGES

Comes now Plaintiff, John M. Wiggins, D/B/A Earthscapes by Wiggins, and alleges the following against defendant:

### PARTIES

1)    John M. Wiggins, D/B/A Earthscapes by Wiggins, is over the age of nineteen (19) and is a resident of Montgomery County.

2)    Dawson Building Contractors, Inc. is a corporation organized under the laws of Florida, qualified to do business in Alabama, with its principle place of business being located in Etowah County, Alabama, at 106 Rainbow Industrial Boulevard, Rainbow City, Alabama, 35906-8901.

3)    St. Paul Travelers Insurance Companies, Inc. ("St. Paul") is the bonding company who issued performance and payment bonds on behalf of Dawson relating to the contract described herein. St. Paul is a corporation organized and existing under the

laws of Minnesota, with its principle places of business in several states other than Alabama, including Minnesota, Connecticut and Pennsylvania.

## VENUE & JURISDICTION

4)    This action is brought pursuant to 40 U.S.C.§ 3131 (et.seq.), § 2201 and § 2022, and includes, among other relief sought, relief under 40 U.S.C. § 3133.

5)    Jurisdiction for this action exists under 28 U.S.C. § 1331, and 40 U.S.C. § 3133, there being claims made pursuant to, involving and arising under the laws of the United States. Jurisdiction for all state law claims exists under 28 U.S.C. § 1367 (a) being that they arise out of the same transaction or occurrence as the claim under 40 U.S.C. § 3133. To the extent required by any of the statutes under which jurisdiction or the right to bring an action is conferred, this action is brought "in the name of the United States for the use of John M. Wiggins, D/B/A Earthscapes by Wiggins".

6)    Venue for this action is proper pursuant to 28 U.S.C. § 1391 and 40 U.S.C. § 3133 because the project and work occurred in Montgomery County, Alabama making venue proper in this District.

## FACTS

7)    On or about March 10th, 2004 Wiggins entered into a subcontract ("Contract") with Dawson to provide work, labor and materials for the site work including irrigation system, landscaping, solid sod, and seeding in connection with the new development for the Victor Tulane Courts ("Project"). The project was identified on the contract as "A New Development for Victor Tulane Courts AL6-9 for the Housing Authority of the City of Montgomery", and involves funds from an agency of the Federal Government, and publicly held lands as set out in more detail herein. The contract was completely and fully agreed to between Wiggins and Dawson for an original amount of $81,835.00, but was later amended, to be a final total $143,651.15.

8)    The project was conducted on publicly held lands of the Montgomery Housing Authority.

9)    Wiggins has completed the entire work in which he obligated himself to under the contract as of May 27, 2006. Dawson made partial payments for the work completed by Wiggins, but has failed to pay in full for contracted work completed by Wiggins.

10)    Wiggins sent Dawson an invoice on May 29, 2006 detailing three (3) requests for payments including payment of Wiggins retainer. The total of the invoice sent to Dawson by Wiggins on May 29, 2006 was $34,764.35.

11)    Dawson has never responded to the invoice dated May 29, 2006.

12)    Dawson has requested and the Montgomery Housing Authority has paid Dawson ninety-five percent (95%) of all monies designated for landscaping work. Dawson refuses to pay Wiggins for completed contracted landscape work.

13)    Dawson, on a regular basis from May of 2004 to August of 2006, willfully issued wrong pay request which were required to be reissued correctly. These willful acts pushed back the payments Dawson received from the Montgomery Housing Authority. Dawson regularly were months late in paying Wiggins for the completed work.

14)    Dawson failed to complete the project in a timely manner and insisted that Wiggins would only be paid if he continued to maintain the landscape work. This action by Dawson was not one protected by the contract because Wiggins only contracted to maintain stated landscape work for thirty (30) days after completion of stated landscape work.

15)    Dawson assessed Wiggins, in the Spring of 2006, a back charge of $120

for spraying at the Project. This back charge was never paid to the third party.

16)    Dawson tampered with and fraudulently prepared a pay request in August

of 2005 in the name of Wiggins. Wiggins reasonably relied on stated fraudulently prepared pay

request and was damaged.

17)    St. Paul Travelers Insurance Companies, Inc. (St. Paul) is the bonding

company for Dawson on the project, as per the requirements of the Miller Act, 40 U.S.C.

§ 3131.

18)    St. Paul has a performance bond with Dawson with a surety satisfactory of

Dawson's obligations to its subcontractors.

CAUSES OF ACTION

Count One (1): The Miller Act

19)    The forgoing paragraphs 1 thru 18 are incorporated by reference as if fully

stated herein.

20)    The Miller Act, 40 U.S.C § 3131, ET. SEQ. is to be liberally construed to

guaranty payment in connection with federal projects.

21)    Wiggins, having not been paid in full within ninety (90) days of fully

completing contracted duties with Dawson on the project, bring this action pursuant to 40

U.S.C. 3133(b)(1) which guarantees subcontractors a private right of action against the

contractor and the bond holder.

22)    Wiggins has been damaged by failure of Dawson to pay in full as per

stated Contract.

23)    Wherefore, premises considered, United States of America, by and for John M.

Wiggins, D/B/A Earthscapes by Wiggins seeks such relief as the jury deems appropriate,

including reasonable attorney's fees and costs, and compensatory damages.

## Count Two (2): Breach of Contract

24) The forgoing paragraphs 1 thru 18, 21 and 22 are incorporated by reference as if fully stated herein.

25) This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367 (a).

26) Wherefore, premises considered, Wiggins seeks such relief as the jury deems appropriate, including reasonable attorney's fees and costs, and compensatory damages.

## Count Three (3): Fraud

27) The forgoing paragraphs 1 thru 18 are incorporated by reference as if fully stated herein.

28) This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367 (a).

29) Dawson willfully misrepresented to Wiggins a fraudulently prepared pay request on 8/25/05 totaling $20,321.79. This misrepresentation was material to the contract, duties, and obligations of both parties.

30) Wiggins reasonably relied on stated misrepresentation and was damaged.

31) Wherefore, premises considered, Wiggins seeks such relief as the jury deems appropriate, including reasonable attorney's fees and costs, compensatory damages, and punitive damages.

## Count Four (4): Quantum Meriut

32) The forgoing paragraphs 1 thru 18, 21 and 22 are incorporated by reference as if fully stated herein.

33) This court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367 (a).

34) Wiggins has performed work and supplied Dawson material at the direction and suggestion of Dawson. Stated work and placement of materials were supplied in an workmanlike manner which resulted in a direct benefit to Dawson.

Wiggins has not been fully compensated for stated labor and materials.

35)    Wherefore, premises considered, Wiggins seeks such relief as the jury

deem appropriate, including reasonable attorney's fees and costs, and compensatory

damages.

Count Five: Alabama Prompt Pay Act

36)    The forgoing paragraphs 1 thru 18, 21 and 22 are incorporated by

reference as if fully stated herein.

37)    This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367 (a).

38)    The Alabama Prompt Pay Act, The Code of Alabama, 1975, §§ 8-29-

1,et.seq., requires the contractor to pay all valid pay requests within seven (7) days of

their issuance.

39)    Wiggins, having promptly and in a workmanlike manner fully complied

with the Contract with Dawson for the project, submitted a final pay request on May 29,

2006 for $34,764.35 .

40)    Dawson failed to timely pay Wiggins and failed to provide the statutory

proper notice of disagreement within five (5) days after submission of pay request.

41)    Wherefore, Wiggins requests from Dawson all remedies available to it

under the Alabama Prompt Pay Act, including but not limited to interest, Attorney's fees,

costs and reasonable expenses.

Count Six (6): Unjust Enrichment

42)    The forgoing paragraphs 1 thru 18, 21 and 22 are incorporated by

reference as if fully stated herein.

43)    This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367 (a).

44)    Dawson has been enriched by labor and materials provided for by Wiggins

in the amount of $34,764.35.

45)    Stated labor and materials increased the value of the work required of

Dawson by the Project owner, the Montgomery Housing Authority. Dawson will be

unjustly enriched if allowed to retain benefit bestowed by Wiggins without payment.

46)    Wherefore, premises considered, Wiggins seeks such relief as the jury

deem appropriate, including reasonable attorney's fees and costs, and compensatory

damages.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff, John M. Wiggins D/B/A,

Earthscapes by Wiggins, respectfully prays that this Court:

(a)    Assume jurisdiction over this action;

(b)    Empanel a jury to decide such triable issues as may exist in this case;

(c)    Grant to Plaintiff such relief to which it is entitled;

(d)    Make such award of costs, attorney's fees and expenses as may be

permitted by law or equity.

Respectfully submitted this ___15th___ day of ___September___, 2006.

Jackson B. Harrison (HAR285)
Attorney for the Plaintiff
John M. Wiggins D/B/A
Earthscapes by Wiggins

Of counsel:
**The Harrison Firm, LLC**
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920 Tel
(334) 819-8920 Fax

**DEFENDANTS TO BE SERVED BY PLAINTIFF IN ACCORDANCE WITH LOCAL RULES AND THE FEDERAL RULES OF CIVIL PROCEDURE BY CERTIFIED MAIL AT:**

**Dawson Building Contractors, Inc.**
**James M. Dawson**
**106 Rainbow Industrial Boulevard**
**Rainbow City, Alabama 35906-8901**


**St. Paul Travelers Insurance Companies, Inc.**
**1500 Market Street, Suite 2900**
**Philadelphia, Pennsylvania 19102**

**Fees and Costs for service of the defendants along with all other materials required by the Court are included with this complaint and are also sought in this action.**