IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN M. WIGGINS, D/B/A EARTHSCAPES by WIGGINS, et seq., | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) ) CIVIL ACTION NO. 2:06cv830-ID |
| DAWSON BUILDING CONTRACTORS, INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

Before the court is Plaintiff's motion for judgment of default, filed October 25, 2006. For the reasons that follow, the court finds that Plaintiff's motion is due to be denied.

Plaintiff has not complied with Rule 55 of the Federal Rules of Civil Procedure, which governs the procedure for obtaining a default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, *the clerk shall enter the party's default.*" Fed. R. Civ. P. 55(a) (emphasis added). Thereafter, a party may seek a default judgment from either the court or the clerk, depending upon whether the damages are for a "sum certain." Fed. R. Civ. P. 55(b).

Here, Plaintiff has applied to the court for a default judgment without having obtained an entry of default from the clerk as provided in Rule 55(a). Hence, the court

finds that, at this time, a ruling on Plaintiff's motion for judgment of default is premature, and, thus, the motion is due to be denied. After Plaintiff has complied with the requirements of Rule 55(a), he may move again for a default judgment.

Accordingly, it is CONSIDERED and ORDERED that Plaintiff's motion for judgment of default be and the same is hereby DENIED without prejudice to the right of Plaintiff to renew said motion after he has complied with Rule 55(a) of the Federal Rules of Civil Procedure.

Done this 26th day of October, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE