## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JOHN M. WIGGINS et al, | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 2:06CV-830-ID |
| DAWSON BUILDING CONTRACTORS, et al., | ) ) | |
| Defendants. | ) ) | |

### ANSWER

The Defendants, Dawson Building Contractors, Inc., (hereinafter referred to as "Dawson"), and St. Paul Travelers Insurance Companies, Inc., (hereinafter referred to as "St. Paul"), by and through undersigned counsel, hereby answer the Plaintiff's complaint and say as follows:

1.    Neither Dawson nor St. Paul has information sufficient to admit or deny the allegations contained in Paragraph 1, therefore, both deny those allegations and demand strict proof thereof.

2.    Both Dawson and St. Paul admit the allegations contained in Paragraph 2.

3.    Both Dawson and St. Paul admit the allegations contained in Paragraph 3.

4.    The allegations contained in Paragraph 4 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

5.    The allegations contained in Paragraph 5 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

6.   The allegations contained in Paragraph 6 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

7.   Dawson and St. Paul partially admit the allegations contained in Paragraph 7. Specifically, Dawson and St. Paul admit that the original terms of the subject contract were amended but deny that the final total of the subject contract was $143,651.15, and demand strict proof thereof.

8.   Dawson and St. Paul believe that the allegations contained in Paragraph 8 are true, however, neither Dawson nor St. Paul has information sufficient to admit or deny these allegations.

9.   Dawson and St. Paul both deny that the Plaintiff has completed the work contracted for.  Dawson and St. Paul both affirmatively state that Plaintiff has been paid all that he is entitled pursuant to the work that has been completed. Both Dawson and St. Paul deny the remainder of the allegations contained in Paragraph 9 and demand strict proof thereof.

10.   Neither Dawson nor St. Paul can affirmatively state whether Dawson ever received the invoice referred to in paragraph 10.  Dawson affirmatively states that it is not in possession of any such invoice at this time, therefore, both Dawson and St. Paul deny the allegations contained in Paragraph 11 and demand strict proof thereof.

11.   Neither Dawson nor St. Paul can affirmatively state whether Dawson ever received the invoice referred to in paragraph 11.  Dawson affirmatively states that it is not in possession of any such invoice at this time, therefore, Dawson and St.

Paul deny the allegations contained in Paragraph 11 and demand strict proof thereof.

12.     Dawson and St. Paul both deny the allegations contained in Paragraph 12, and demand strict proof thereof.

13.     Dawson and St. Paul both deny the allegations contained in Paragraph 13, and demand strict proof thereof.

14.     Dawson and St. Paul both deny the allegations contained in Paragraph 14, and demand strict proof thereof.

15.     Dawson and St. Paul admit that the Plaintiff was assessed a back charge, as alleged. Dawson affirmatively states that the assessed charge was paid to a third party for the work the Plaintiff failed to perform, pursuant to the terms of the subject contract. Both Dawson and St. Paul deny the remainder of the allegations contained in Paragraph 15 and demand strict proof thereof.

16.     Dawson and St. Paul both deny the allegations contained in Paragraph 16, and demand strict proof thereof.

17.     Dawson and St. Paul admit the allegations contained in Paragraph 17.

18.     Dawson and St. Paul affirmatively state that the surety bond issued by St. Paul speaks for itself. Both Dawson and St. Paul deny the characterization of the surety bond stated by the Plaintiff, therefore, both Dawson and St. Paul deny the remainder of the allegations contained in Paragraph 18 and demand strict proof thereof.

## COUNT ONE

19.    Dawson and St. Paul reassert their responses to Paragraphs 1 through 18 as if

fully set out herein.

20.    The allegations contained in Paragraph 20 are statements of legal conclusion and

are, therefore, not due to be addressed by either Dawson or St. Paul herein.

21.    Dawson and St. Paul affirmatively state that the Plaintiff has been paid in full for

the work performed pursuant to the terms of the subject contract. Both Dawson

and St. Paul deny that the Plaintiff has completed his contractual duties referred to

therein. Therefore, both Dawson and St. Paul deny these allegations and demand

strict proof thereof. The remainder of the allegations contained in Paragraph 21

are statements of legal conclusion and are, therefore, not due to be addressed by

either Dawson or St. Paul herein.

22.    Dawson and St. Paul deny the allegations contained in Paragraph 22 and demand

strict proof thereof.

23.    Dawson and St. Paul both dispute the extent of any damages or injuries allegedly

suffered by the Plaintiff as described in Paragraph 23 and the remainder of Count

One and demand strict proof thereof. Further, Dawson and St. Paul deny that the

Plaintiff is entitled to the relief requested in Paragraph 23 and demand strict proof

thereof.


## COUNT TWO

24.    Dawson and St. Paul reassert their responses to Paragraphs 1 through 18, 21 and

22 as if fully set out herein.

25.    The allegations contained in Paragraph 25 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

26.    Dawson and St. Paul both dispute the extent of any damages or injuries allegedly suffered by the Plaintiff as described in Paragraph 26 and the remainder of Count Two and demand strict proof thereof. Further, Dawson and St. Paul deny that the Plaintiff is entitled to the relief requested in Paragraph 26 and demand strict proof thereof.

## COUNT THREE

27.    Dawson and St. Paul reassert their responses to Paragraphs 1 through 18 as if fully set out herein.

28.    The allegations contained in Paragraph 28 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

29.    Both Dawson and St. Paul deny the allegations contained in Paragraph 29 and demand strict proof thereof.

30.    Both Dawson and St. Paul deny the allegations contained in Paragraph 30 and demand strict proof thereof.

31.    Dawson and St. Paul both dispute the extent of any damages or injuries allegedly suffered by the Plaintiff as described in Paragraph 31 and the remainder of Count Three and demand strict proof thereof. Further, Dawson and St. Paul deny that the Plaintiff is entitled to the relief requested in Paragraph 31 and demand strict proof thereof.

## COUNT FOUR

32.  Dawson and St. Paul reassert their responses to Paragraphs 1 through 18, 21 and 22 as if fully set out herein.

33.  The allegations contained in Paragraph 33 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

34.  Dawson and St. Paul both deny the allegations contained in Paragraph 34 and demand strict proof thereof.

35.  Dawson and St. Paul both dispute the extent of any damages or injuries allegedly suffered by the Plaintiff as described in Paragraph 35 and the remainder of Count Four and demand strict proof thereof. Further, Dawson and St. Paul deny that the Plaintiff is entitled to the relief requested in Paragraph 35 and demand strict proof thereof.

## COUNT FIVE

36.  Dawson and St. Paul reassert their responses to Paragraphs 1 through 18, 21 and 22 as if fully set out herein.

37.  The allegations contained in Paragraph 37 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

38.  The allegations contained in Paragraph 38 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

39.  Dawson and St. Paul deny that the Plaintiff completed his contractual obligations either promptly of in a workmanlike manner and, therefore, demand strict proof thereof. Neither Dawson nor St. Paul can affirmatively state whether Dawson

ever received the invoice referred to in paragraph 39. Dawson affirmatively states that it is not in possession of any such invoice at this time, therefore, both Dawson and St. Paul deny the remainder of the allegations contained in Paragraph 39 and demand strict proof thereof.

40.    Dawson and St. Paul deny those allegations contained in Paragraph 40 and demand strict proof thereof.

41.    Dawson and St. Paul both dispute the extent of any damages or injuries allegedly suffered by the Plaintiff as described in Paragraph 41 and the remainder of Count Five and demand strict proof thereof. Further, Dawson and St. Paul deny that the Plaintiff is entitled to the relief requested in Paragraph 41 and demand strict proof thereof.

## COUNT SIX

42.    Dawson and St. Paul reassert their responses to Paragraphs 1 through 18, 21 and 22 as if fully set out herein.

43.    The allegations contained in Paragraph 43 are statements of legal conclusion and are, therefore, not due to be addressed by either Dawson or St. Paul herein.

44.    Dawson and St. Paul deny the allegations contained in Paragraph 44 and demand strict proof thereof.

45.    Dawson and St. Paul deny the allegations contained in Paragraph 45 and demand strict proof thereof.

46.    Dawson and St. Paul both dispute the extent of any damages or injuries allegedly suffered by the Plaintiff as described in Paragraph 46 and the remainder of Count

Six and demand strict proof thereof. Further, Dawson and St. Paul deny that the Plaintiff is entitled to the relief requested in Paragraph 46 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Defendants aver that the Plaintiff's Complaint fails to state a claim against them upon which relief may be granted.

2. The Defendants allege that this Court does not have jurisdiction over the claims asserted by the Plaintiff.

3. The Defendants allege that this Court is the improper venue in which to bring the above-styled suit.

4. The Defendants deny that they are guilty of any wrongful conduct and further deny that any alleged wrongful conduct on either of their parts proximately caused or proximately contributed to the damages asserted by the Plaintiff.

5. The Defendants allege that the Plaintiff failed to mitigate his alleged damages.

6. The Defendants deny violating any alleged duty to the Plaintiff.

7. The Defendants aver that the above-styled case, and the claims contained therein, were filed with this Court in violation of the appropriate statute of limitations.

8. The Defendants plead the affirmative defense of accord and satisfaction.

9. The Defendants affirmatively state that the Plaintiff was paid in full for the work performed.

10. The Defendants aver that the Plaintiff has failed to properly follow the requirements of notice applicable to the claims made herein.

11.    The Plaintiff, does not have any legal entitlement under the provisions of Title 6-11-20 Code of Alabama, 1975, to recover any punitive damages against either of the Defendants.

12.    As to any claim of Plaintiff seeking to recover punitive damages, the Defendants adopt by reference whatever defenses, criteria, limitations and standards as are mandated by the Supreme Court of the United States in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. E. 2nd 809 (1996) and/or as mandated by the Supreme Court of Alabama in BMW of North America, Inc. v. Gore, 701 So. 2d 507 (Ala. 1997), as well as the case of State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (2003), and/or as mandated by the provisions of Title 6-11-20, Code of Alabama 1975.

13.    The Defendants expressly reserve the right to amend this Answer to plead any other defense determined to be applicable by discovery.


                                  James T. Sasser      (ASB-1500-S70J)
                                  Attorney for Dawson Building Contractors, Inc.
                                  and St. Paul Travelers Insurance Companies, Inc.


Of Counsel:
Sasser, Rice & Barber, L.L.C.
P.O. Box 8345
Gadsden, Alabama 35902
(tel) 256.546.0611
(fax) 256.546.0626

This document is being electronically filed and pursuant to the local rules of the Southern District CM/ECF also includes the following electronic signature for the attorney above.

/s James T. Sasser
James T. Sasser        (ASB-1500-S70J)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties hereto in accordance with Rule 5, on this the 30th day of _October_, 2006.

Of Counsel

cc:    Jackson B. Harrison, Esq.