IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN M. WIGGINS et al             )
                                  )
    Plaintiffs,                   )
                                  )
vs.                               )    CASE NO. 2:06-cv-830-ID
                                  )
DAWSON BUILDING CONTRACTORS, et al )
                                  )
    Defendants.                   )

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held, via telephone, on January 26, 2007, and was attended by:

    (a) Jackson B. Harrison
        Counsel for Plaintiff Dorothy Langford
        The Harrison Law Firm, LLC
        8425 Crossland Loop
        Montgomery, Alabama 36117
        (334) 819-8920 Telephone
        (334) 819-8923 Facsimile

    (b) Dana L. Rice
        Counsel for Defendant Dawson Building Contractors, LLC
        Rice, & Barber, LLC
        P.O Box 8345
        Gasden, AL 35902
        (256) 546-0611 Telephone
        (256) 546-0626 Facsimile

    (c) Mark Hurbert, on behalf of April D. Reeves
        Counsel for Defendant St. Paul Travelers Insurance
        Watkins Ludlam Winter & Stennis, PA
        P.O. Box 427
        Jackson, MS 39205
        (601) 949-4623 Telephone
        (601) 949-4804 Facsimile

2.  **Pre-Discovery Disclosures**.

    The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) no later than March 2, 2007.

3.  **Discovery Plan**.

   The parties jointly propose to this Court the following discovery plan:

   (a) Discovery will be needed on the following subjects:

   (1) General contract procedures as it deals with retainage withheld from sub-contractors prior to completion of sub-contract;

   (2) Specific contract procedures as it deals with retainage withheld from John M. Wiggins from signing of sub-contract through its completion;

   (3) Contract history of Defendant Dawson with like or similar sub-contractors;

   (4) Procedures used by Defendant Dawson to receive pay requests and disperse the checks;

   (5) Any and all fraudulent practices of Defendant Dawson's pay request system.

   (6) Defendants' affirmative defenses.

   (a) The status of Defendant as Plaintiff's employer;

   (b) Plaintiff's compliance with applicable administrative relief procedures, including, but not limited to, those set forth by the Equal Employment Opportunity Commission;

   (c) Mitigation of damages;

   (d) Punitive damages; and

   (5) Whether or not there exists any indemnification as it relates to any and all performance and payment bonds required under The Miller Act;

   (b) Disclosure or discovery of electronically stored information ("ESI") will be handled as follows:

Not expected at this time, but all parties reserve the right to amend.

(c) The parties will agree to an Order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

(1) Only Qualified Persons may have access to Confidential Information.

(2) Qualified Persons shall use Confidential Information solely for the purposes of this action and shall not disclose Confidential Information to anyone other than a Qualified Person.

(3) Prior to the receipt of Confidential Information, all Qualified Persons shall be familiarized with any Order regarding Confidential Information.

(4) If either party intends to file with this Court or offer into evidence at trial or in any other proceeding in open court any document(s) containing Confidential Information, the party shall serve reasonable advance written notice, but in no event less than fifteen (15) days, on opposing counsel to afford that party the opportunity to bring before this Court the matter of the protection of the confidentiality of such document(s) or such information.

(5) All Confidential Information, including any copies thereof and any notices or other records regarding such information, shall be permanently maintained within the exclusive custody and control of the counsel for the party receiving such information. However, Confidential Information may be temporarily removed from said custody and control in order to permit Qualified Persons to utilize it in any depositions or court proceedings in this action.

(6) Within sixty (60) days of the termination of this action, each party shall return all documents containing Confidential Information received from the party to that party, including all copies of such documents, which may have been made, but not

>   including any notices or other attorney work product that may have been placed thereon by counsel. The party receiving back such Confidential Information shall acknowledge the receipt of such documents in writing. Any copies of Confidential Information claimed to contain attorney work product shall be destroyed by Plaintiff's counsel within sixty (60) days of the termination of this action.
>
>   (6) Nothing in any Order regarding Confidential Information will prejudice either party from seeking amendments thereto.

   (d) All discovery commenced in time to be completed by July 2, 2007.

   (e) Maximum of 25 interrogatories by each party to any other party. Responses are due 30 days after service.

   (f) Maximum of 30 requests for admission by each party to any other party. Responses are due 30 days after service.

   (g) Maximum of 6 depositions by plaintiff and 6 by defendant.

   (h) Each deposition limited to maximum of 7 hours, unless extended by agreement of parties.

   (i) Reports from retained experts under Rule 26(a)(2) due:

>   (1) From Plaintiff by: May 1, 2007; and
>   (2) From Defendant by: June 1, 2007.

4. **Other Items**.

   (a) The parties do not request a conference with this Court before entry of the scheduling order.

   (b) The parties request a pretrial conference on October 1, 2007.

   (c) Plaintiff should be allowed until April 16, 2007, to join additional parties and until April 16, 2007, to amend the pleadings.

(d) Defendant should be allowed until April 16, 2007, to join additional parties and until April 16, 2007, to amend the pleadings.

(e) All potentially dispositive motions should be filed by August 1, 2007.

(f) Settlement cannot be evaluated prior to April 27, 2007.

(g) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

    (1) From Plaintiff by: October 1, 2007; and
    (2) From Defendant by: October 1, 2007.

(h) The parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(i) The case should be ready for trial by November 5, 2007, and at this time is expected to take approximately 3 days.

This 26th day of January, 2007.

Respectfully submitted,

s/ Jackson B. Harrison (ASB-2191-C61H)
Counsel for the Plaintiff

s/ Dana L. Rice    (ASB-4733-E54D)
Counsel for Defendant (Dawson)

s/ April D. Reeves
Counsel for Defendant (St. Paul)

# 4312372_v1